1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10   OVIDIU COZAC,

11            Petitioner,              No. CIV S-07-1628 MCE EFB P

12        vs.

13   SACRAMENTO COUNTY JAIL,
                                       ORDER AND
14            Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16        On August 9, 2007, Mr. Cozac filed a petition for a writ of habeas corpus and an

17   application for leave to proceed *in forma pauperis*.  28 U.S.C. § 1915(a).

18        Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford

19   the costs of suit.  However, as explained below, the petition fails to invoke subject matter

20   jurisdictions and fails to state a claim for relief.

21        Petitioner is detained at the Sacramento County Jail pursuant to a hold placed on him by

22   immigration authorities.  Thus, he is detained by the Attorney General and the Department of

23   Homeland Security, Bureau of Citizenship and Immigrant Services.  It is not clear whether he is

24   challenging his state court conviction of receiving stolen property, or whether he challenges the

25   federal deportation proceedings.  As explained below, insofar as he challenges deportation

26   proceedings, this action must be dismissed for lack of subject-matter jurisdiction.  Insofar as

1

petitioner challenges his judgment of conviction, he has not made any allegations in support of

that challenge.  Indeed, he makes no allegations other than he is innocent and "they scared me

with prison time, and because of my prior theft, I took 10 months."  Pet., at 7.

## I.       Jurisdiction Over Removal Proceedings

The federal district courts lack jurisdiction to review matters related to removal

proceedings.  Instead, jurisdiction resides only in the circuit courts of appeals.  *See* 8 U.S.C.

§ 1252(a)(5) ("Notwithstanding any other provision of law (statutory or nonstatutory), including

section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of

such title, a petition for review filed with an appropriate court of appeals in accordance with this

section shall be the sole and exclusive means for judicial review of an order of removal entered

or issued under any provision of this chapter, except as provided in subsection (e)[1] of this

section."  While under certain circumstances, upon a finding of a lack of jurisdiction, this court

must transfer the action to the appellate court, those circumstances are not present here.

When a party mistakenly files a civil action, including a petition for review of

administrative action, and the court finds that it lacks jurisdiction, it "shall, if it is in the interest

of justice, transfer such action or appeal to any other such court in which the action or appeal

could have been brought" at the time of filing.  28 U.S.C. § 1631.  However, this action could

not have been brought in the appellate court.  The appellate court has jurisdiction to review only

final orders of removal.  8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law and fact,

including interpretation and application of constitutional and statutory provisions, arising from

any action taken or proceeding brought to remove an alien from the United States under this

subchapter shall be available only in judicial review of a final order under this section.").

////

---

[1] This subsection provides for limited review via habeas corpus of orders of removal issued with respect to certain aliens who have arrived in the United States, but who have not been granted formal entry. *See* 8 U.S.C. §§ 1252(e), 1225(b).

1  Petitioner seeks an order suspending removal proceedings.  He does not allege that there is a

2  final order of removal.  He therefore could not have brought this action in the appellate court at

3  the time he filed in this court.  Thus, transfer is not permissible in this case.

4  **II.      Jurisdiction Pursuant to 28 U.S.C. § 2254**

5          This court may entertain a challenge to custody imposed pursuant to the judgment of a

6  state court only on the ground that such custody violates "the Constitution or laws or treaties of

7  the United States."  28 U.S.C. § 2254.  For a federal court to have jurisdiction, petitioner must at

8  the time he files his petition be in custody pursuant to the judgment of the state court.  *Maleng v.*

9  *Cook*, 490 U.S. 488, 490-91 (1989); *see also Carafas v. LaValle*, 391 U.S. 234, 238 (1968).

10  Petitioner alleges that he has completed the sentence imposed by the state court, and is detained

11  pursuant to a hold imposed by the immigration authorities.  Thus, it appears that he was not in

12  custody pursuant to the judgment of conviction on August 9, 2007, when he filed his petition.

13  Accordingly, the allegations of the petition fail to invoke this court's jurisdiction and the action

14  must be dismissed for lack of subject matter jurisdiction.

15  **III.     Adequacy of Challenge to Conviction**

16          Even if petitioner could meet his burden of demonstrating jurisdiction, it is apparent from

17  the face of the petition that he has not alleged facts entitling him to relief.  Thus, the court cannot

18  order a response on the present application.  In an application for habeas relief  the petitioner

19  must "allege the facts concerning the applicant's commitment or detention, the name of the

20  person who has custody over him and by virtue of what claim or authority, if known."  28 U.S.C.

21  § 2242.  He must specify all the grounds for relief available to him, state particular facts in

22  support of each ground and state the relief requested.  Rule 2(c), Rules Governing Section 2254

23  Cases.  Upon the filing of an application for habeas relief, a judge must review it and "shall

24  forthwith award the writ or issue an order directing the respondent to show cause why the writ

25  should not be granted, unless it appears from the application that the applicant or person detained

26  is not entitled thereto."  28 U.S.C. § 2243.  As stated above, petitioner alleges that he was

convicted of receiving stolen property.  He alleges that he entered a plea of no contest, even though he was innocent.  Furthermore, he seems to allege that his plea was not voluntary.  However, the circumstances surrounding the plea are not alleged with any specificity and nothing in his petition show that his conviction and sentence are in violation of "the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.  Accordingly, at this point it appears from the application that petitioner is not entitled to a writ of habeas corpus.  To proceed on a challenge pursuant to 28 U.S.C. § 2254, petitioner must file an amended petition.

For these reasons, it hereby is ORDERED that:

1.  Petitioner's application for leave to proceed *in forma pauperis* is granted; and

2.  If petitioner challenges the state-court's judgment of conviction, he must file an amended petition that demonstrates that he was in custody at the time he filed his petition and that complies with the pleading requirements explained above.  He must do so within 30 days from the date this order is served.  Failure to comply with this order will result in a recommendations that this action be dismissed.

Further, it is RECOMMENDED that any challenge to proceedings or orders to remove petitioner from this country be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 3, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE